IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN L. ROBERTS,<br><br>    Plaintiff,<br><br><br><br><br><br>vs.<br><br>SONY CORPORATION et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER, GRANTING DEFENDANTS' MOTION TO STRIKE, AND DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br><br><br>Case No. 2:04-CV-673 TS |

    This matter comes before the Court on three motions: (1) Plaintiff's Motion to Transfer to the United States District Court for the Southern District of New York or, in the Alternative, to Dismiss Pursuant to 28 U.S.C. §§ 1406(a) and 1631; (2) Defendants' Motion to Strike; and (3) Plaintiff's Motion to Amend. The Court heard oral arguments on these Motions on January 26, 2005. Having considered the briefs, oral argument and being otherwise fully informed, the Court will deny Plaintiff's Motion to Transfer or Dismiss, grant Defendants' Motion to Strike, and deny, without prejudice, Plaintiff's Motion to Amend.

1

# I.  ANALYSIS

A.  PLAINTIFF'S MOTION TO TRANSFER OR DISMISS

Plaintiff, proceeding pro se, has filed a Motion to Transfer Venue or, in the alternative, to Dismiss.  He seeks to have this case transferred to the Southern District of New York.  He argues that he should not have filed this case in Utah and that venue is inappropriate in Utah.  He also states that if the case were to stay in Utah, the statute of limitations would have run on his claims and that the Court would not have personal jurisdiction over Defendants.  Defendants, however, have not made any of these arguments.  In fact, Defendants argue that venue is proper and that the Court has personal jurisdiction over them.[1]  Defendants oppose Plaintiff's Motion to Transfer.  They argue that any Motion to Transfer Venue would be theirs to make.  They also argue that Plaintiff waived any objection to venue.  Further, Defendants argue that venue is proper in Utah.

1.  PLAINTIFF HAS WAIVED HIS OBJECTION TO VENUE

At the outset, it is unclear whether Plaintiff even has the ability to challenge venue.  After all, Plaintiff chose to file this suit in this Court.  The Supreme Court has stated that "[t]he plaintiff, by bringing the suit in a district court other than that authorized by the statute, relinquished his right to object to the venue."[2]  Assuming that Plaintiff has the ability to challenge venue, however, the Court finds that he has waived that right.

The Tenth Circuit has stated that "[i]mproper venue is of course a defense personal to a party and may be waived.  Waiver comes about most frequently by the party submitting through

---

[1] Docket No. 59, at iv and 4.

[2] *Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338, 340 (1953).

conduct or through pleading as was done here."³  "A party waives the right to challenge venue if he fails to raise that defense either in his responsive pleading or in a motion to dismiss under Fed.R.Civ.P. 12(b)(3)."⁴  Plaintiff did not file this motion to transfer until over a year after this case was filed.  It should be noted, however, that this matter was stayed for six months between April and October 2005.  Despite this stay, Plaintiff has still waited too long to file this Motion.  Therefore, Plaintiff has waived his ability to challenge venue.

        2.       28 U.S.C. § 1406(a)

Assuming Plaintiff has the ability to challenge venue and he has not waived that challenge, venue is proper in Utah.  Plaintiff seeks a transfer under 28 U.S.C. § 1406(a).⁵  That provision states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought."⁶  Subsection (b) states: "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."⁷

There is a split of authority concerning the definition of "the wrong division or district."  Some courts have held that if venue is proper in the district where the suit was filed, then §

---

³*Thompson v. United States*, 312 F.2d 516, 519 (10th Cir. 1962) (citations omitted).

⁴*Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996) (citing Fed.R.Civ.P. 12(h)(1)).

⁵The Court notes that at the January 26, 2005 hearing, Plaintiff raised the argument that this case could also be transferred under 28 U.S.C. § 1404.  Since Plaintiff did not sufficiently address this argument in his written memoranda and, thus, Defendants did not have the opportunity to respond, the Court will not consider transfer under § 1404.

⁶28 U.S.C. § 1406(a).

⁷28 U.S.C. § 1406(b).

1406(a) does not apply.  Other courts, however, have read this provision more broadly and have found that § 1406(a) applies where there are other problems (such as a lack of personal jurisdiction or statute of limitations issues) which prevent the court from reaching a decision on the merits.  The Tenth Circuit has not directly ruled on this issue.

It should be noted that the only issue which may prevent this Court from reaching the merits of Plaintiff's claims is the statute of limitations.  Defendants have conceded that this Court is the proper venue[8] and Plaintiff has waived any venue argument.  Defendants have also conceded that the Court has personal jurisdiction over them.[9]  Therefore, the only possible issue that Plaintiff raises which would prevent the Court from possibly reaching the merits of the case is one dealing with the statute of limitations.

The Supreme Court, in *Goldlawr, Inc. v. Heiman*,[10] held that a court could transfer under § 1406(a) an action where venue was improper and personal jurisdiction over the defendants did not exist.[11]  The Supreme Court stated that § 1406(a) "is thus in accord with many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits."[12]  Subsequently, the Fifth Circuit, in *Durbin v. United States*,[13] held "that a district is 'wrong' within the meaning

---

[8]Docket No. 59, at iv.

[9]*Id*. at 4.

[10]369 U.S. 463 (1982).

[11]*Id*. at 466.

[12]*Id*. at 466–67.

[13]380 F.2d 813, 815 (5th Cir. 1967).

of § 1406 whenever there exists an 'obstacle [to] . . . an expeditions and orderly adjudication' on the merits."[14]  A number of other circuit courts have followed the expansive reading of § 1406 set out in *Durbin*.[15]

Some courts have extended § 1406(a) to allow for transfer even where both venue and personal jurisdiction are proper, but where a statute of limitations would prevent the Court from reaching the merits.  In *Porter v. Groat*,[16] the Fourth Circuit found that § 1406(a) "authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district."[17]  Specifically, the Fourth Circuit held that transfer would be appropriate under 1406(a) where the statute of limitations would bar adjudication on the merits in the district where the plaintiff brought suit, even though venue was proper and personal jurisdiction existed over the defendants.[18]

Some courts, however, have refused to go as far as *Porter*.  The Second Circuit stated that

> [a]lthough we do not dispute that § 1406 should be read broadly in many circumstances, we cannot accept the Fourth Circuit's analysis that in *all cases* in which there is a procedural bar to suit in the transferor district, but not in the

---

[14]*Id*. at 815 (quoting *Goldlawr*, 369 U.S. at 466–67)).

[15]*See Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79–90 (2d. Cir. 1978); *Taylor v. Love*, 415 F.2d 1118, 1120 (6th Cir. 1970); *Mayo Clinic v. Kaiser*, 383 F.2d 653, 655–56 (8th Cir. 1967).  This expansive reading has caused a great deal of confusion despite the apparently simple language of § 1406(a).  Some of this confusion was cleared up when Congress enacted 28 U.S.C. § 1631.  This provision gives courts the ability to transfer cases from one federal court to another due to lack of jurisdiction.

[16]840 F.2d 255 (4th Cir. 1988).

[17]*Id*. at 258.

[18]*Id*.

> tranferee district, the action should be transferred. Instead, we still believe that a district court should consider whether a transfer would be in the interests of justice . . . .[19]

The Second Circuit noted that the plaintiff was seeking to avoid a statute of limitations defect through a transfer of venue.[20] The court stated "that a statue of limitations is far from an elusive fact unknown to a reasonable plaintiff—our system virtually mandates that a responsible plaintiff be aware of applicable limitations periods."[21] The court also believed that plaintiff's attempt to transfer the case was, to some degree, forum shopping.[22] While the Court recognized that § 1406(a) should be read broadly, "it should not operate automatically to give a plaintiff an additional opportunity to select the district of litigation."[23]

The District of Kansas addressed this issue in 1988. There, the court rejected the extremely broad interpretation of § 1406(a) adopted by the Fourth Circuit in *Porter*. The court held that it "cannot read the plain language of § 1406(a) and reasonably reach this same contorted interpretation."[24] The court refused to transfer the case merely because of a statute of limitations issue.

There is very little Tenth Circuit case law on this debate. The Tenth Circuit has stated that "[a]lthough read closely, the language of § 1406(a) appears to apply to those cases

---

[19]*Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 394 (2d Cir. 1992).

[20]*Id*. at 394.

[21]*Id*. at 394–95.

[22]*Id*. at 395.

[23]*Id*.

[24]*Murphy*, 693 F.Supp. at 987.

transferred for lack of proper venue, the statute has been construed in an extraordinarily broad manner; courts have held that action commenced in a district where venue is proper but where personal jurisdiction is lacking may be transferred to a proper forum."[25]  While noting this, the Tenth Circuit did not seem to either approve or disapprove of the broad reading of this provision. The Tenth Circuit went on to note that the enactment of 28 U.S.C. § 1631, which is specifically designed for cases transferred from one federal court to another due to lack of jurisdiction, simplified the process and streamlined the application of the transfer provisions.[26]  The Tenth Circuit seemed to suggest that the creation of § 1631 limited the application of § 1406(a) only to cases where venue is improper.  Even if it did not limit the application only to case where venue was improper, the Tenth Circuit has never gone so far as to hold that § 1406(a) applies where the only obstacle to the Court reaching the merits of a case is a statute of limitations issue.

      In the Court's opinion, the better reading of § 1406(a) is the one espoused by the District of Kansas.  Here, where Defendants do not object to venue or personal jurisdiction, the only possible impediment is the statute of limitations.  Although Plaintiff is proceeding pro se, he has a duty to be aware of the applicable statute of limitations period.  The fact that the Utah statute of limitations period may have run on his claims is not sufficient to warrant transfer of this case to Southern District of New York under § 1406(a), where Plaintiff alleges a more favorable limitations period is in place.  Further, even though there is no indication that Plaintiff has acted in bad faith, his actions appear to be forum shopping to some degree.  Plaintiff is trying to use the

---

[25] *Ross v. Colorado Outward Bound School*, 822 F.2d 1524, 1527 (10th Cir. 1987).

[26] *Id.*

transfer provisions to find a forum where his claims might not be barred by the statute of limitations.

For these reasons, the Court finds that § 1406(a) is not applicable here and Plaintiff's Motion to Transfer or, in the Alternative, to Dismiss is denied.

B.   DEFENDANTS' MOTION TO STRIKE

Defendants seek to have the Court strike Paragraphs 47 and 48, and the Twenty Seventh Affirmative Defense (Paragraphs 72 and 73) in Plaintiff's Answer to Counterclaims, pursuant to Rule 12(f).  Paragraphs 47 and 48 deal with Defendants Sony Corporation and Sony Corporation of America, parties which have been dismissed.  Plaintiff's Twenty Seventh Affirmative Defense addresses a history of patent infringement activity by Defendants, which is not at issue in this suit.  Plaintiff conceded at oral argument that his opposition to Defendants' Motion to Strike was weak.

Rule 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to Strike under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.[27]  It should be used only when the allegations being challenged have no relation to the plaintiff's claims.[28]

Paragraphs 47 and 48 are immaterial since they address Defendants which are no longer parties to this action.  Further, Plaintiff's Twenty Seventh Affirmative Defense is immaterial because it does not address Plaintiff's cause of action of Defendants' counterclaim, rather it

---

[27]5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1380 (3d ed. 2004).

[28]*Id*.

addresses a history of alleged abuse which is not at issue in this case. Therefore, Defendants' Motion to Strike is granted.

C.   PLAINTIFF'S MOTION TO AMEND

On January 21, 2006, Plaintiff filed a Motion for Leave of Court to Amend Complaint. At oral argument, Plaintiff stated that he sought to amend other items in his Complaint. The Court informed Plaintiff at oral argument that it would deny his current Motion, without prejudice, and would allow him to re-file a Motion to Amend which includes all items which Plaintiff seeks to amend. Therefore, Plaintiff's Motion to Amend is denied, without prejudice.

## II. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Transfer to the United States District Court for the Southern District of New York or, in the Alternative, to Dismiss Pursuant to 28 U.S.C. §§ 1406(a) and 1631 (Docket No. 55) is DENIED. It is further

ORDERED that Defendants' Motion to Strike (Docket No. 48) is GRANTED. It is further

ORDERED that Plaintiff's Motion to Amend (Docket No. 71) is DENIED, without prejudice, to its later re-filing.

DATED   January 27, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge