IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN L. ROBERTS, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> SONY CORP., et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS <br><br><br><br><br> Case No. 2:04-CV-673 TS |

This matter is before the Court on: (1) Plaintiff's Motion for Extension of Time to File Objections to Magistrate's August 30, 2006 Order,[1] (2) Plaintiff's Motion to Strike Defendants' Memorandum in Opposition to Plaintiff's Objections,[2] and (3) Plaintiff's Objections to

---

[1]Docket No. 119.  There are presently two outstanding motions by Plaintiff for extension of time, Docket Nos. 111 and 119.  However, as discussed below, Docket No. 111 is mooted by Docket No. 119.

[2]Docket No. 118.

1

Magistrate's August 30, 2006 Order[3] Denying Plaintiff's Motion to Reconsider and Vacate[4] the Magistrate's May 30, 2006 Scheduling Order.[5]

### I.  Plaintiff's Motion for Extension of Time

Plaintiff requests that the Court enlarge the time allowed to file his objections to the Magistrate's August 30, 2006 Order.  Prior to the current Motion, Plaintiff filed two motions for extension of time to file the objections.[6]  These motions were granted by the Magistrate pursuant to a September 21, 2006 Order,[7] and, as per Plaintiff's request, Plaintiff was given until September 22, 2006 to file an objection to the Magistrate's August 30, 2006 Order.  Plaintiff asserts that the September 21, 2006 Order was not received by him until September 23, 2006. During this interim, Plaintiff filed a First Amended Motion for Extension of Time,[8] in which Plaintiff requested five, not one, additional days to file the objections.[9]  Plaintiff filed his objections on September 25, 2006, and filed the current Motion thereafter.

Defendants have not objected to any of Plaintiff's requests for extension of time, and the Court will, therefore, grant Plaintiff's Motion.  However, the Court wishes to convey to Plaintiff

---

[3] Docket No. 112.

[4] The Magistrate's August 30, 2006 Order is found at Docket No. 88.

[5] The Magistrate's May 30, 2006 Scheduling Order is found at Docket No. 82.

[6] Docket Nos. 107, 108.

[7] Docket No. 110.

[8] Docket No. 111.

[9] The Court notes that Docket No. 111 is mooted by Plaintiff's current Motion, found at Docket No. 119.

that a Motion for Extension of Time is not properly considered a pleading under Fed. R. Civ. P. 15(a).[10]  Therefore, while Plaintiff may seek to withdraw previous motions which have not been ruled upon, he is not entitled "as a matter of course" to file amendments to previously filed motions.  In the future, and to the extent Plaintiff desires extensions, Plaintiff is advised to limit his filings for each extension by requesting, in the first instance, a sufficient enlargement of time.  Furthermore, Plaintiff is also advised to confer with opposing counsel, to the extent possible, so that the parties may stipulate as to any needed extensions.

    II.   Plaintiff's Motion to Strike Defendants' Memorandum in Opposition to Plaintiff's Objections

Plaintiff moves to strike an opposing memorandum which Defendants filed pursuant to Plaintiff's objections.  Plaintiff argues that his objections were filed under Fed. R. Civ. P. 72(a), which does not allow for a corresponding response.  Defendants argue that because Fed. R. Civ. P. 72(a) does not prohibit a response, their memorandum should not be stricken.

   Fed. R. Civ. P. 72(a) pertains to nondispositive matters,[11] and allows for a party to serve objections to a magistrate's order, but does not mention whether a response to the objections may be filed.  Fed. R. Civ. P. 72(b), which deals with dispositive motions and prisoner petitions, does provide for responses to objections.  While Plaintiff's arguments appear reasonable according to the plain text comparison of Rule's 72(a) and 72(b), the Court notes that several federal courts

---

[10]*See, e.g.*, Wright & Miller, 6 *Federal Practice and Procedure* § 1475.

[11]Fed. R. Civ. P. 72(a) applies here because the Magistrate's August 30, 2006 Order, as it relates to Plaintiff's objections, considered Plaintiff's Motion to Reconsider and Vacate Scheduling Order, Docket No. 88, a non-dispositive issue.

have allowed responses under Fed. R. Civ. P. 72(a).[12]  There appears to be no case law indicating that such responses should not be allowed and, therefore, the Court is disinclined to strike Defendants' Memorandum.  Moreover, striking Defendants' Memorandum would not change the Court's finding on Plaintiff's objections, as further discussed below.  Accordingly, the Court will deny Plaintiff's Motion to Strike.

      III.  Plaintiff's Objections to Magistrate's August 30, 2006 Order

On August 30, 2006, the Magistrate denied Plaintiff's Motion to Reconsider and Vacate the May 31, 2006 Scheduling Order because Plaintiff did not articulate his specific concerns with the dates set in the scheduling order.  Plaintiff cites several grounds for objection to the Magistrate's August 30, 2006 Order Denying Plaintiff's Motion, which are addressed, in turn, below.  Defendants assert generally that the original May 31, 2006 Scheduling Order set a pretrial schedule that is neither onerous nor unfair to Plaintiff, and provides more than ample time for a *pro se* litigant to prepare his own case.

For non-dispositive pretrial matters, this court reviews the magistrate's orders under a "clearly erroneous or contrary to law" standard of review.[13]  Under the clearly erroneous

---

[12] *Fed. Trade Comm'n v. Pac. First Benefit*, 361 F.Supp.2d 751, 754 (N.D. Ill. 2005); *Owens v. City of Columbus*, No. 03-CV-696, 2006 WL 783437, at *1 (S.D. Ohio March 27, 2006); *Fed. Deposit Ins. Corp. v. Fidelity & Deposit Co. of Maryland*, 196 F.R.D. 375, 377-78 (S.D. Cal. 2000).

[13] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

standard, this court will affirm the magistrate's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[14]

Plaintiff first argues that, because he appears *pro se*, and because Plaintiff has filed a similar action in the United States District Court for the Southern District of New York, thus, Plaintiff asserts, establishing multidistrict litigation, Fed. R. Civ. P. 16(b), in connection with DUCivR 16-1(a)(1)(A)(ii) and (viii), precludes the Magistrate from entering a scheduling order. Plaintiff argues that scheduling was required to be conducted pursuant to an initial pretrial conference. DUCivR 16-1(a)(1)(A)(ii) and (viii) state that "[i]n accordance with Fed. R. Civ. P. 16, except [in the following categories of actions] a magistrate judge . . . will enter, . . . a scheduling order[:] Cases filed by parties appearing *pro se*, [and] Cases subject to multidistrict litigation." Importantly, the local rule does not *prohibit* the magistrate from entering a scheduling order in cases involving the exempted categories. Rather, the rule merely exempts the magistrate from *being required* to enter a scheduling order in those cases.

Second, Plaintiff objects to the Magistrate's ruling under Fed. R. Civ. P. 1 which states that the "rules shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." More specifically, Plaintiff contends that compliance with the current scheduling order precludes him from having time to consolidate this action with the related action filed in the Southern District of New York. Plaintiff's argument is unconvincing. Fed. R. Civ. P. 1 provides a philosophical mandate with which the Magistrate was complying

---

[14]*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

when he entered a scheduling order to advance this action. That rule is not meant to compensate for litigants' limitations in the manner suggested by Plaintiff.

Third, Plaintiff asserts that the Magistrate's Order is contrary to the Civil Justice Reform Act of 1990, and the Civil Justice Expense and Delay Reduction Plan of December 1991. Plaintiff's arguments on these points are also unconvincing because these Acts, like Fed. R. Civ. P. 1, set forth broad philosophical mandates with which the Magistrate's Order complies.

Finally, Plaintiff makes several arguments based upon equitable principles. However, Plaintiff was properly informed that the Magistrate could enter a scheduling order in lieu of an initial pretrial conference,[15] and thus has no equitable grounds for contesting the Order.

In short, the Court finds that the Magistrate's Order was not clearly erroneous or contrary to law. Accordingly, the Court will deny Plaintiff's Objections.

For the foregoing reasons, it is therefore

ORDERED that Plaintiff's First Amended Motion for Extension of Time (Docket No. 111) is MOOT. It is further

ORDERED that Plaintiff's Third Motion for Extension of Time to File Objections to Magistrate's August 30, 2006 Order (Docket No. 119) is GRANTED. It is further

ORDERED that Plaintiff's Motion to Strike Defendants' Memorandum in Opposition to Plaintiff's Objections (Docket No. 118) is DENIED. It is further

ORDERED that the Magistrate's August 30, 2006 Order (Docket No. 82) is AFFIRMED.

---

[15]Docket No. 80.

DATED   November 30, 2006.

                    BY THE COURT:

_____
TED STEWART
United States District Judge